IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:22CR3018 |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE |
| CHRISTOPHER GROTH, | |
| Defendant. | |

The United States of America, by and through the undersigned attorney, respectfully submits this brief in response to Defendant's Motion for Variance and Supporting Brief (Filings 93 and 94). The Government previously filed a sentencing statement outlining its ultimate position as to sentencing and primarily relies upon the facts and argument presented therein. (*See* Filing 90). However, the United States additionally responds to Defendant's variance arguments below.

## Background

The United States adopts the case procedural background as set forth in RPSR ¶¶ 1-9 as well as the facts as outlined in the RPSR ¶¶ 14-36 and incorporates them by reference.

## Law and Argument

### I. Defendant's Motion for Variance Should be Denied.

The Guidelines as calculated by the Probation office within the RPSR call for life imprisonment. *See* RPSR ¶ 103. However, the statutory maximum penalty, if both crimes were to be sentenced to consecutive terms, is 50 years imprisonment. *See* 18 U.S.C. §§ 2251(e), 2252(b)(2). Within his brief the Defendant advocates for a sentence of eight years imprisonment. (Filing 94 at p. 8). A sentence of eight years would be a violation of the plain language of statutes. Production of child pornography in violation of 18 U.S.C. § 2251(a) carries penalty of no less than 15 years and up to 30 years. § 2251(e). Thus, the minimum sentence that this Court can impose is

1

15-years-imprisonment. The Defendant was properly advised of these penalties twice during his change of plea hearing held on March 8, 2023. (Filing 66 at 3, 11-12). The Defendant stated on the record, under oath, that he understood those were the penalties for Count I. (*Id.*). To the extent that the Defense argues for a sentence below the statute, this motion must be denied.

Beyond the statutory issues with the Defendant's argument, his variance motion should also be denied based on the severity of the Defendant's crimes. A large majority of the Defendant's variance brief is dedicated to emphasizing his personal mental health struggles and the traumatic impact that responding to *other people's crimes* has had on his well-being. However, at the end of the brief, the Defendant attempts to discount his own crime stating that there is no indication that the victim of *his* crime has suffered any "emotional or psychological trauma." (Filing 94 at p 6). Not only is this statement not true,[1] but it is also offensive when viewed in the greater context of his own variance argument. The Defendant is essentially asking this Court to recognize his own suffering while arguing that the Court should disregard the suffering he himself has caused.

The Defendant continues within his brief to discuss his own crime in the most innocuous terms, misstating what the images actually show; the impact on the child; and his actions as a whole. (*See* Filing No 94 at pp. 6-8). Three times he states that the images he produced do not depict "sexually explicit conduct." (*Id.* at pp. 7, 8). As will be addressed below, these statements call into question whether the Defendant has truly accepted responsibility for his crime and whether he should be awarded a reduction under the US Sentencing Guidelines. The Defendant's brief also ignores the additional child pornography and child erotica that was located on his accounts and devices victimizing hundreds of unknown children.

---

[1] The Court is already in receipt of the Victim Impact Statement authored in this case. In the VIS the author articulates the deep psychological and emotional harm that Mr. Groth's crimes have had not only on the production victim, but other children as well, and on the community in which Mr. Groth lived.

Based on these facts, as well as those outlined in the United States' previously brief, Filing 90, the Government respectfully requests that the Defendant's variance motion be denied and that he be sentenced to a total term of 50 years imprisonment with 25 years of supervised release.

**II.     This Court Should Consider Whether the Defendant Should Receive a Full Reduction for Acceptance of Responsibility.**

In calculating the United States Sentencing Guidelines, it is the sentencing judge's responsibility to evaluate whether a defendant has accepted responsibility for his crimes. USSG § 3E1.1 n.5. In this case, the Defendant's variance brief raises some issues regarding the Defendant's acceptance of responsibility that this Court should consider.

Thrice within his variance brief the Defendant stated that the images he produced do not depict "sexually explicit conduct" which is a pivotal element for both the crimes to which the Defendant pleaded guilty. According to the Eighth Circuit Jury Instructions, the elements for production of child pornography are as follows:

> *One*, at the time alleged, (name of minor) was under the age of eighteen years;
>
> *Two*, the defendant knowingly [employed] [used] [persuaded] [induced] [enticed] [coerced] (minor) to engage in **sexually explicit conduct**; or
>
> *Three*, the defendant acted with the purpose of producing a visual depiction of such conduct; and
>
> *Four*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone;

Eighth Circuit Model Rule 6.18.2251(A) (emphasis added). Similar to his brief, during the change of plea hearing on March 8, 2023, the Defendant was selective over how he characterized the

3

photos, choosing language which downplayed their severity and at first refusing to admit that the photos depicted "sexually explicit conduct." (Filing 66 at p 19-21). Ultimately, the Court read the elements aloud to the Defendant and asked if his crime met the specific elements. (*Id.* p. 21-22). At that time, the Defendant admitted to each of the elements necessary to prove production of child pornography occurred, including that the images depicted sexually explicit conduct. (*Id.* at 21-23).

Similarly, it is an element for possession of child pornography that the defendant possesses visual depictions of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(4)(B); *see also* Eighth Circuit Model Rule 6.18.2252. There is currently no transcript of the change of plea hearing on March 20, 2023, when the Defendant pleaded guilty to the possession count. However, as part of the factual basis, it would have been necessary for the Defendant to admit that the images he possessed depicted a minor engaged in sexually explicit conduct.

The Defendant's denial that the images he produced depicted sexual conduct or "simulate" sexually explicit conduct, calls into question whether he has truly accepted responsibility. As set forth in the application note to USSG § 3E1.1, "[i]n determining whether a defendant qualifies for [acceptance of responsibility], appropriate considerations include . . . truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct[.]" USSG § 3E1.1 n.1(A). When pressed by Judge Zwart, Mr. Groth admitted to the elements of his crime during the change of plea hearing. (*See* Filing 66 at pp. 16-22). However, he now is denying responsibility by claims made in his variance brief. As indicated in the application notes, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." § 3E1.1 n.3. Instead, this Court should look to the Defendant's actions and words to evaluate whether he has truly accepted responsibility and is deserving of the Guideline reduction outlined in 3E1.1.

## Conclusion

For the above stated reasons, the Government respectfully requests this Court deny the Defendant's Motion for Variance.

Respectfully submitted this 21st day of July 2023.

                    UNITED STATES OF AMERICA, Plaintiff
                    SUSAN T. LEHR
                    Acting United States Attorney
                    District of Nebraska

By:    s/ Tessie Smith
        TESSIE L.S. SMITH, #25828
        Assistant U.S. Attorney
        487 Federal Building
        100 Centennial Mall North
        Lincoln, NE 68508-3865
        Tel: (402) 437-5399
        Fax: (402) 437-5390
        E-mail: tessie.smith@usdoj.gov